**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E. Flury, ) | No. CV 07-2418-PHX-SMM |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Customer Services Inc., *et al*, ) | |
| Defendants. ) | |

Currently pending before the Court are Plaintiff's Motion for Default Judgment Against Customer Services Inc. (Doc. 26) and Defendant Don Brady's Motion to Dismiss (Doc. 27).

Before the Court can address the pending motions, it must first determine the whether this Court has subject matter jurisdiction over this action. Plaintiff filed his Complaint, asserting that jurisdiction is proper based on Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. § 227. However, federal statutes, such as the TCPA do not automatically confer subject matter jurisdiction to Federal Courts. It is well established in the Ninth Circuit, that the TCPA vests **state courts** with **exclusive jurisdiction** over claims brought under section 227(b)(3)[1]. *See Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.,* No. 04-3216, 2004

---

[1] The pertinent language of 47 U.S.C.A. § 227(b) is:
(3) Private right of action:
A person or entity may, if otherwise permitted by the laws or rules of **court of a State**, bring in an appropriate **court of that State** an action... 47 U.S.C.A. § 227(b)(3)(emphasis added).

WL 3239533, at *2 (6th Cir. Dec. 16, 2004) ("state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims [is] well-settled."); *Murphey v. Lanier,* 204 F.3d 911, 913 (9th Cir.2000); *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 520 (3d Cir.1998).

In *Murphey v. Lanier,* the Ninth Circuit concluded that state courts have exclusive jurisdiction over a cause of action created specifically by section 227(b)(3) of the TCPA.[2] *Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir.2000) (quoting *International Science & Technology Institute, Inc. V. Inacom Communications, Inc.*, 106 F.3d 1146,1150 (4th Cir. 1997)). In *Murphey,* the Ninth Circuit agreed with other circuits that had previously found that Congress did not intend to grant federal district courts jurisdiction over private causes of action under section 227(b)(3) of the TCPA. *Id.* at 913; *see Int'l Sci.,* 106 F.3d at 1152. Accordingly, Plaintiff's claims alleged under section 227(b)(3) of the TCPA do not confer federal question jurisdiction on this Court. Plaintiff has not alleged that jurisdiction is proper pursuant to any other federal statute or diversity jurisdiction.

Therefore,

**IT IS HEREBY ORDERED DISMISSING** this case without prejudice.

**IT IS FURTHER ORDERED DENYING as MOOT** Plaintiff's Motion for Default Judgment Against Customer Services Inc. (Doc. 26) and Defendant Don Brady's Motion to Dismiss (Doc. 27).

DATED this 8th day of May, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[2] Plaintiff filed his claims pursuant to section 227(b)(3) of the TCPA.

- 2 -